UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

DEVIN KEITT,

                              Plaintiff,

                -v-

STATE OF NEW YORK, et al.,

                           Defendants.

------------------------------------------------------------------------X

12 Civ. 2350 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Devin Keitt, proceeding *pro se*, brings this Complaint against defendants the

State of New York, the New York State Department of Correction and Community Supervision

("DOCCS"), and 13 prison officials (collectively, "defendants").[1]  He alleges that, during his

incarceration in the custody of DOCCS, defendants violated several of his constitutional and

statutory rights.  Defendants move to dismiss the case for improper venue or to transfer it to the

Northern District of New York, or, in the alternative, to dismiss the case for failure to state a

claim.  For the reasons that follow, the Court grants defendants' motion to transfer the case to the

Northern District of New York.

---

[1] They are:  T. Hawk, M. Lira, D. Uhler, J. Otis, D. Rock, B. Fischer, Joseph Bellnier, D.
Martuscello, P. Melecio, C. Miller, D. Ali, A. Perez, and E. Killar.  *See* Dkt. 38 (Second
Amended Complaint ("SAC")) ¶¶ 4–12 & caption.  As defendants note, some of these officials
were named in the original Complaint, *see* Dkt. 1; others were named for the first time in the
Amended Complaint, *see* Dkt. 31; and others were named for the first time in the SAC.  Only
some of these defendants have been served.  *See* Dkt. 16–25.

I.     **Background**²

   A.     **Factual Background**

   Keitt is a prisoner in the custody of DOCCS, and is presently incarcerated at Coxsackie Correctional Facility ("Coxsackie") in Coxsackie, New York.  SAC ¶ 3.  He was previously incarcerated at Upstate Correctional Facility ("Upstate") in Malone, New York.  *See, e.g., id.* ¶ 18.

   Keitt is an observant Muslim. *Id.* ¶ 16.  Inmates who wish to observe Ramadan may fast during the day and receive a separate meal in the evening when they break the fast. *Id.* ¶¶ 19–21. Keitt, however, is unable to fast because he suffers from Type-A diabetes for which he must take medication three times a day with food. *Id.* ¶ 17.  Keitt nevertheless wishes to join in a separate evening meal that is served to fasting inmates as part of the observance of Ramadan. *Id.* ¶¶ 19, 26.  He alleges that defendants substantially and unnecessarily burdened his practice of religion by forcing him to choose between the separate evening meal and the normal, three-meals-a-day schedule. *Id.* ¶¶ 20, 26.  These allegations are repeated in similar fashion as to defendants T. Hawk, coordinating chaplain at Upstate, *id.* ¶¶ 15–36; M. Lira, deputy superintendent of programs at Upstate, *id.* ¶¶ 37–52; D. Uhler, deputy superintendent for security at Upstate, *id.* ¶¶ 53–69; J. Otis, deputy superintendent for administration at Upstate, *id.* ¶¶ 70–82; D. Rock, superintendent at Upstate, *id.* ¶¶ 83–96; and as to defendant B. Fischer in his supervisory capacity as the commissioner of DOCCS, *id.* ¶¶ 97–111.

   Keitt also alleges that his religious practices were unnecessarily burdened by defendants' policy of denying him the right to wear a religious head covering called a kefiya, *see id.* ¶¶ 112–121, or a religious robe called a Jalabiyah, *id.* ¶¶ 128–135.  Keitt also alleges that defendants

---

² The Court's account of the facts is drawn from the SAC.

failed to accommodate his dyslexia by refusing to provide him books on tape while attending religious classes. *Id.* ¶¶ 122–127. These allegations are repeated in similar fashion against Fischer, *id.* ¶¶ 112–135; J. Bellnier, deputy commissioner of an unspecified entity, *id.* ¶¶ 136–149; D. Martuscello, superintendent at Coxsackie, *id.* ¶¶ 150–171; P. Melecio, deputy of programs at Coxsackie, *id.* ¶¶ 172–186; C. Miller, an employee at Coxsackie, *id.* ¶¶ 187–204; Dr. Ali, chaplain at Coxsackie, *id.* ¶¶ 205–235; the State of New York, *see id.* ¶¶ 236–249, and DOCCS, *id.* ¶¶ 250–259, 300–303.

Based on these allegations, Keitt asserts that defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the Constitution. He asserts causes of action under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988; the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et. seq.*; 29 U.S.C. § 794(a); and the Religious Land and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc *et seq. See* SAC ¶ 1. Keitt seeks both monetary damages and injunctive relief.

**B.      Procedural History**

On March 28, 2012, Keitt filed the original Complaint. Dkt. 1. On January 28, 2013, defendants filed a motion to transfer this case to the Northern District of New York, or, in the alternative, to dismiss the Complaint for failure to state a claim. Dkt. 26–28. Shortly after that motion was filed electronically on the Court's docket, an Amended Complaint, which the Court's *pro se* office had received on January 25, 2013, was posted to the docket. Dkt. 31. Because defendants' motion and Keitt's Amended Complaint crossed in the mail, the Court issued an Order allowing defendants to respond to Keitt's Amended Complaint, and specifying that Keitt would be given another opportunity to amend. Dkt. 32. On March 1, 2013, defendants

again moved to transfer the case or, in the alternative, to dismiss the Amended Complaint. Dkt.
33–36. On March 18, 2013, Keitt filed a Second Amended Complaint. Dkt. 38.

On April 17, 2013, Keitt filed a submission styled as a motion for summary judgment,
but which entails a point-by-point opposition to defendants' motion to transfer venue or dismiss
the case, *see* Dkt. 40, at 1–21, as well as affidavits from Keitt and several other inmates in
support of Keitt's claims, *see* Dkt. 40, at 22–44. On April 30, 2013, defendants renewed their
motion to transfer venue and/or dismiss the Second Amended Complaint. Dkt. 42–46. Neither
party has filed a response to the other's latest submission.

## II.    Discussion

### A.    Defendants' Motion to Transfer Venue

Defendants argue that this case should be transferred to the Northern District of New
York for the convenience of the parties and in the interests of justice.[3] *See* Def. Br. 8. The Court
agrees.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest
of justice, a district court may transfer any civil action to any other district or division where it
might have been brought." Section 1404(a) gives district courts wide latitude to decide whether
to transfer venue. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (citing
*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Guardian Life Ins. Co. of Am. v.
Hernandez*, No. 11 Civ. 2114 (SAS), 2011 WL 3678134, at *2 (S.D.N.Y. Aug. 22, 2011).

In deciding motions to transfer venue under § 1404(a), courts inquire, first, "whether the
action could have been brought in the transferee district and, if yes, whether transfer would be an

---

[3] Defendants also argue that venue in this district is improper. *See* Def. Br. 7. The Court need
not resolve whether there is statutory venue, however, because it is quite clear that a
discretionary transfer of venue is warranted. *See Everlast World's Boxing Headquarters Corp. v.
Ringside, Inc.*, No. 12 Civ. 5297 (PAE), 2013 WL 788054, at *5 (S.D.N.Y. Mar. 4, 2013).

appropriate exercise of the Court's discretion." *Robertson v. Cartinhour*, No. 10 Civ. 8442

(LTS)(HBP), 2011 WL 5175597, at *3 (S.D.N.Y. Oct. 28, 2011). The answer to the first inquiry

is yes: This action could have been brought in the Northern District of New York. Venue is

proper in "a judicial district in which any defendant resides, if all defendants are residents of the

State in which the district is located." 28 U.S.C. § 1391(b)(1). Keitt appears to allege that all of

the individual defendants reside in the Northern District of New York. *See* SAC ¶¶ 4–12 (listing

defendants' addresses, all located in the Northern District of New York, but which all appear to

be work addresses). And to the extent Keitt seeks injunctive relief against defendants in their

official capacities, those defendants reside in the Northern District of New York, because that is

where Keitt alleges they performed their official duties. *See White v. Rock*, No. 10-CV-5163

(SJF), 2013 WL 527804, at *4 (E.D.N.Y. Feb. 4, 2013) (for venue purposes, public officials sued

in their official capacities are deemed to reside in the district in which they perform their duties);

*Fate v. Goord*, No. 11 Civ. 7493 (RWS), 2012 WL 3104884, at *3–4 (S.D.N.Y. July 31, 2012)

(same). Accordingly, venue would be proper in the Northern District of New York.

   Assessing whether transfer is a valid exercise of discretion requires the Court to balance

various factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the

location of relevant documents and the relative ease of access to sources of proof; (4) the locus

of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the

weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of

justice. *See Robertson*, 2011 WL 5175597, at *4; *Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d

329, 330 (S.D.N.Y. 2007); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 56–57

(S.D.N.Y. 2001).

Here, these factors overwhelmingly favor a transfer of venue to the Northern District of
New York. All of Keitt's claims arise from conduct that occurred at Upstate and Coxsackie,
both of which are in the Northern District. That district will be more convenient for the
witnesses, who are likely to be located at or near Coxsackie and Upstate. It will be more
convenient for the parties: Keitt is currently incarcerated at Coxsackie, and the defendants work
at Coxsackie and Upstate and reside in the Northern District. The documents and sources of
proof are likely to be located there. The locus of operative facts is there.[4]  Indeed, the only factor
that weighs against transferring the case to the Northern District of New York is the plaintiff's
choice of forum. However, although a plaintiff's choice of forum is "presumptively entitled to
substantial deference," *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004), that
choice is "entitled to less deference where the connection between the case and the chosen forum
is minimal." *Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 401 (S.D.N.Y. 2010); *accord
Kreinberg*, 496 F. Supp. 2d at 330 ("[W]hen the operative facts have few meaningful
connections to the plaintiff's chosen forum . . . the importance of the plaintiff's choice of forum
measurably diminishes."). Courts in this district have routinely exercised their discretion to
transfer inmate lawsuits challenging the conditions of their confinement to the district where the
plaintiff is confined and thus where the challenged conditions were imposed. *See, e.g.*, *Rush v.
Fischer*, No. 09 Civ. 9918 (JGK), 2013 WL 542641, at *10 (S.D.N.Y. Feb. 14, 2013); *Simpson v.
Rodas*, No. 10 Civ. 6670 (CS), 2012 WL 4354832, at *10 (S.D.N.Y. Sept. 21, 2012); *Keitt v.
New York City*, 882 F. Supp. 2d 412, 426 (S.D.N.Y. 2011).

Here, the connection to this district is next to none. Transfer to the Northern District of
New York is appropriate.

---

[4] The other factors—the availability of process, the relative means of the parties, and the forum's
familiarity with the governing law—are all neutral here.

6

## B.   Keitt's Motion for the Appointment of Counsel

On May 1, 2013, Keitt submitted a letter requesting the appointment of counsel.  Dkt. 48.

In determining whether to appoint counsel, the Court must make a threshold inquiry into whether

plaintiff's claim has substance or a likelihood of success.  *See Johnston v. Maha*, 606 F.3d 39, 41

(2d Cir. 2010); *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986).  Once plaintiff has

made such a showing, the court considers a number of other factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting
> evidence implicating the need for cross-examination will be the major proof
> presented . . . , the indigent's ability to present the case, the complexity of the
> legal issues and any special reason in that case why appointment of counsel would
> be more likely to lead to a just determination.

*Johnston*, 606 F.3d at 42 (quoting *Hodge*, 802 F.2d at 61–62).  Rather than make a threshold

judgment on the likelihood of success of Keitt's claim, which will now be heard in another court,

this Court declines to resolve Keitt's request for the appointment of counsel.  The court to which

this case is transferred will soon be in a better position to evaluate the likelihood of Keitt's

success, and to weigh the other relevant factors.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer venue to the Northern District

of New York is granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a) (3), that any appeal

from this Order would not be taken in good faith, and therefore in forma pauperis status is denied

for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The

Clerk of Court is directed to terminate the motions pending at docket numbers 33, 41, and 42,

and to transfer this case to the Northern District of New York.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: July 10, 2013
     New York, New York